State, Wilkinson et al., v. Inhabitants of Trenton.

---

STATE, FREDERICK R. WILKINSON ET AL., PLAINTIFFS IN ERROR, v. THE INHABITANTS OF THE CITY OF TRENTON, DEFENDANTS IN ERROR.

1. Where public bodies are entrusted, by statute, with powers of a general nature, it must appear from an inspection of all their proceedings, when properly before the court, that they have kept strictly within their limited sphere.

2. It is the duty of the relator to bring up all the proceedings, but a return that all proceedings are sent up, imposes on the defendant the burden of supplying any omission.

3. A construction will be adopted to sustain rather than to defeat the proceedings, where it can fairly be done.

4. Parties to be affected by such proceedings entitled to notice, whethei the statute directs notice to be given or not.

5. To set aside an assessment for inequality, it must be shown that commissioners have adopted an erroneous principle.

6. If, up to the point of imposing the assessment for benefits, all the proceedings have been strictly correct, a party cannot complain that a larger assessment has not been laid upon him.

7. If the land owner permits large sums of money to be expended by the city after the assessment is made, before he applies for a *certiorari*, the writ should not be allowed where no re-assessment is provided for; and if allowed, it should be dismissed by the Supreme Court when the facts become known.

In error to the Supreme Court.

For former proceedings in this case, see 6 *Vroom* 485.

For the plaintiffs in error, *F. Kingman* and *I. W. Scudder*.

For the defendants in error, *J. S. Aitkin* and *James Wilson*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The proceedings of the common council of the city of Trenton, in laying out a street between Warren and Quarry streets, and the assessments therefor, were removed by *certiorari* into the Supreme Court, where the assessments were affirmed.   That judgment of affirmance is brought up on this writ of error.

The prosecutors of the *certiorari* were assessed for benefits, resulting to their lands by the opening of the street.   The reasons assigned for reversal of the judgment below will be considered, so far as they are deemed material, in the order in which they were discussed.

1. The first objection taken to the validity of the proceedings is, that the common council did not treat with the owners, for the land taken for opening the street, as required by section 76 of the city charter.   It is an inflexible rule, founded in the highest considerations of public policy, and absolutely essential to the protection of individual rights, that when power to take private property for public use is delegated by the legislature to municipal or other corporations, that power must be strictly pursued.

This principle has been repeatedly recognized and asserted in our courts. *State* v. *Jersey City*, 1 *Dutcher* 309; *State* v. *Jersey City*, 2 *Ib.* 444; *State* v. *Hudson City*, 3 *Ib.* 214; *State* v. *Jersey City*, 4 *Zab.* 662; *Carron* v. *Martin*, 2 *Dutcher* 594; *State* v. *Orange*, 3 *Vroom* 49; *State* v. *Bergen*, 3 *Ib.* 491.

It is equally well settled, that persons who exercise a special power, whose acts are authenticated only by the certificate signed in each particular case, must show on the face of their certificate, that they have strictly pursued the authority vested in them.

The rule, when applied to public bodies entrusted by statute with powers of a general nature, where their acts are verified by an entry in their minutes, kept by the proper officer, is equally stringent, that it must appear from an inspection of all the proceedings when properly before the court, that they have kept strictly within their limited sphere. *State* v. *Freeholders of Hudson*, 3 *Zab.* 206; *S. C. in error*, 4 *Ib.* 719.

In the latter case, it is the duty of the relator to bring up all the proceedings which he seeks to review. If he relies upon the failure to do anything which should appear by the written proceedings to have been done, and the defendants in their return to a writ, commanding them to certify and send up "all and singular their resolutions, records and proceedings, touching the matter in question," say, that they have made such full return, as required by the exigency of the writ the presumption, as against them, will be, that their return is full, and the burden will lie on the defendants to supply, by further return or evidence, the omission. But if the prosecutor rests his case upon any matter *aliunde* the written proceedings, he must verify the facts by testimony, to be taken under a rule granted for that purpose. *State* v. *Newark*, 1 *Dutcher* 399.

This rule will be illustrated in the further consideration of this case.

Section 76 of the city charter provides, that whenever the common council shall determine by ordinance to lay out any street, they are authorized to treat with the owners of any

lands necessary for that purpose, and purchase the lands for such price as they may deem reasonable, and the following section provides that when the said common council cannot agree with the owner or owners of such required lands, or other real estate for the same, or when, by reason of the legal incapacity or absence of such owner or owners, no such agreement can be made, it shall be lawful for the mayor of said city, and he is required, upon application in writing of the common council, to appoint commissioners to estimate and assess the damages the owners will sustain by taking his lands. There are four classes of land owners included in these provisions.

Those with whom an agreement can be made, those with whom an agreement cannot be made, those who are absent, and those who have no capacity to contract. It is clear that the right to appoint commissioners for all cases does not arise, where the council cannot agree with a single landholder, either by reason of his absence, incapacity, or unwillingness to negotiate, before any attempt is made to treat with those who are under no disability, because the section last referred to, by requiring that the commissioners shall assess upon the lands benefited their estimate of damages, together with the sums agreed upon between the council and any land owner, contemplates an assessment by commissioners as to some and an agreement by council with others. If by reason of the incapacity of a single owner they may appoint commissioners to assess for all, then when such incapacity exists they not only may, but must appoint commissioners for all, and cannot agree with any, for the act is imperative and does not leave it to the discretion of the council whether they will treat or not. This would be an unreasonable and narrow construction of the charter.

Its fair interpretation is, that with such owners as are competent to treat an effort must be made to agree, and then a commission appointed for all cases where an agreement is not made.

It must therefore appear as a jurisdictional fact to author

ize the appointment by the mayor, that council did treat with the land owners. It will be observed that no mode is prescribed in which that treaty shall be conducted, and in this case it will be sufficient, if it appears upon the face of the proceedings that they treated and failed to agree. If the statute had directed that the treaty must be had through a committee of three impartial citizens, then it must further appear that the designated mode has been pursued. The validity of the appointment before us must be tested by this rule.

On the 3d day of August, 1869, the street committee, composed of three members of the common council, reported as follows:

" To the common council—The street committee, who were authorized by council to treat with the owners of the land and real estate required for the laying out and opening a street, commencing on the easterly side of Willow street opposite to the present easterly terminus of Quarry street, and running thence to the westerly side of Warren street, for the same, report, that they cannot agree with the owners thereof, by reason of the legal incapacity of some of said owners of the same, for the purpose aforesaid.

" Lewis H. Vanhorn,
" Wm. M. Lenox,
" Chas. B. Cogill,
" Street Committee."

And thereupon follows the resolution of the council requiring the mayor to appoint commissioners, in which it is recited that the street committee have been unable to agree with the land owners.

The report of the street committee states that they could not agree with the land owners by reason of the legal incapacity of some of them.

A construction will be adopted to sustain rather than to defeat the proceedings, and this may fairly be held to mean,

that none of the land owners could agree upon terms, because some were under legal disability, and inasmuch as commissioners must be appointed in some cases, they preferred to have their own rights determined in that way.

It thus appears affirmatively on the face of the proceedings that no agreement could be made with the land owners. If, in fact, there was no attempt to negotiate, and that had been established by the examination of the committee, or by other evidence in the cause, this objection, if taken at a proper time, would have been fatal. Until evidence is submitted to the contrary, the presumption will be, that what the corporate body has said, in the substantial language of the charter, has been done, has been lawfully done.

2. It is insisted that the notice of the meeting of the commissioners to make the assessment was insufficient, and that no opportunity was given the plaintiffs of being heard.

It is a fundamental principle that no person is to be affected by proceedings of a judicial nature, without an opportunity to be heard. Whether the charter in this case makes notice necessary or not, natural justice and well settled legal principle concur in requiring that notice must be given. *State* v. *Newark*, 1 *Dutcher* 411; *S. C.*, 4 *Zab.* 666.

The seventy-seventh section of the charter directs the commissioners to estimate and assess the damages the owners of the land taken will sustain by laying out the street; and in estimating the damages, the commissioners must have due regard as well to the value of the land taken as to the injury or benefit of the land owner by such laying out, and after estimating such damages, the commissioners shall assess the amount thereof upon such lots as will, in their opinion, be benefited by the improvement; both of which assessments shall be embraced in the report directed to be made by section seventy-eight.

The notice given by the mayor, it is urged, applies only to the assessment of damages, and not to the assessment of benefits; but that is not so. The notice is, that the commissioners appointed to make an estimate and assessment of damages to land owners, and to assess the benefits of the work

State, Wilkinson et al., v. Inhabitants of Trenton.

upon lots benefited, will meet at a time and place specified, to take the oath of office, and that on the 1st day of September then next, they would meet at the city surveyor's office, and after viewing the land, make a just and true estimate and assessment, as required by law. This was sufficient notice that the commissioners would make the entire estimate and assessment, which, by law, they were required to make, as well the estimate of damages as the assessment of benefits.

The objection that there was not a more specific notice to the parties subsequently assessed for benefits, cannot prevail, because it was impossible to specify who would be assessed, until the commissioners met and determined that question after hearing all who might choose to come before them. It was impossible, from the nature of the case, to give other than a general notice, so that the commissioners would be free to lay the imposition according to their judgment.

3. The complaint that the assessment is grossly unequal, unfair and unjust, cannot avail the plaintiffs here, unless they show that the commissioners proceeded upon an erroneous principle. *Coster* v. *New Jersey R. R.*, 4 *Zab.* 730.

There is an apparent inequality in the assessment of lots lying contiguous to each other, but whether it is real, this court cannot say. No evidence has been taken to show the principle adopted by the commissioners, and we must therefore presume that they acted rightly.

4. The last alleged error which I will consider is, that it does not appear upon the face of the report, that the whole costs of the improvement were assessed by the commissioners.

The owner of the lands benefited stands upon his legal rights, and says to the city, " you cannot touch my property or impose a burden upon me, unless you comply with the strictest requirements of your charter. It makes no difference whether the omitted act injures me or not, your power to act depends upon your doing it, and until it is done you cannot tax me." The law wisely throws this protection around individual rights, and the rule cannot safely be relaxed. But when all the requirements of the law have been

State, Wilkinson et al., v. Inhabitants of Trenton.

complied with, when the authority of the city to impose the
burden thereby becomes perfect and complete, and they have
the right to lay an assessment of $500 on the plaintiff, it is
not within the reason of the rule that he should be allowed
to complain and set aside the proceedings, because he is re-
quired to pay only $400.

Neither in the points herein considered, nor in others dis-
cussed by counsel, all of which are well answered by the
opinion of the court below, do I find any such infirmity as
will vitiate the proceedings.

But if irregularities did exist, the *certiorari* should have
been dismissed for gross laches on the part of the prosecutors
in suing it out. They have permitted the street to be opened,
and over $25,000 to be expended upon it after the assess-
ment was made against them, and after being thus assured of
the benefit which their property will derive from the improve-
ment, they seek to escape their proportion of the cost of it.

Under such circumstances, where, as in this case, no re-as-
sessment is provided for, a *certiorari* should not be allowed,
and if allowed, it should, when the facts become known, be
dismissed by the Supreme Court. Such is the established
rule of that court, and it should not be disturbed. *State* v.
*Hudson City,* 5 *Dutcher* 116 ; *State* v. *Everett,* 3 *Zab.* 378;
*State* v. *Water Commissioners,* 1 *Vroom* 249 ; *State, Hampson,*
v. *Paterson, ante p.* 159.

In my opinion, the judgment of the Supreme Court should
be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DE-
PUE, VAN SYCKEL, CLEMENT, DODD, GREEN, WALES.    8.

*For reversal*—None.

CITED in *State, Graham, pros.,* v. *Paterson,* 8 *Vr.* 380; *State, Grant, pros.,*
v. *Clark,* 9 *Vr.* 102; *State, Cronin, pros.,* v. *Jersey City,* 9 *Vr.* 410; *State,
Spear, pros.,* v. *Perth Amboy,* 9 *Vr.* 425 ; *State, M. & E. R. R. Co., pros.,* v.
*Hudson Tunnel Co.,* 9 *Vr.* 548 ; *State, Woodruff, pros.,* v. *Elizabeth,* 10 *Vr.*
55; *Paret* v. *Bayonne,* 10 *Vr.* 559 ; *State, Freeholders, &c., pros.,* v. *Road
Commissioners,* 12 *Vr.* 83 ; *State, Boice, pros.,* v. *Plainfield,* 12 *Vr.* 138 ;
*Woodbridge* v. *State,* 14 *Vr.* 262 ; *Bowne* v. *Logan,* 14 *Vr.* 421 ; *Rinehart* v
*Cowell,* 15 *Vr.* 360.